IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LeROY HENDERSON, § | | |
| TDCJ #834622, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-14-0952 | |
| § | | |
| WILLIAM STEPHENS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## **MEMORANDUM AND ORDER**

The petitioner, LeRoy Henderson (TDCJ #834622), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Henderson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the legality of his confinement [Doc. #1]. He has also filed a memorandum in support of his claims [Doc. #2]. After reviewing the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.   BACKGROUND

### A.   Litigation History

Henderson has a long history of state and federal challenges to the criminal judgments and sentences for which he is now incarcerated. Following a joint trial, a jury convicted Henderson of committing aggravated sexual assault of his granddaughter and sexual assault of his other granddaughter. *State v. Henderson*, Nos. 763935; 763936 (263rd Dist. Ct., Harris County, Tex. June 25, 1998). The trial court sentenced Henderson to serve concurrent terms of 50 years and 20 years imprisonment with respect to the criminal convictions. The Court of Appeals for the Fourteenth District of Texas affirmed the trial court's judgment. *Henderson v. State*, Nos. 14-98-00763-CR & 14-98-00764-CR; 2000 WL 232013 (Tex. App. Houston [14th Dist.] Mar. 2, 2000, pet. granted). Henderson's petition for discretionary review ("PDR") was initially granted on October 4, 2000; however, it was subsequently dismissed, as improvidently granted, on May 1, 2002. *See* Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us. The Court denied Henderson's motion for rehearing on June 12, 2002, and Henderson did not file a petition for a writ of certiorari with the United States Supreme Court.

On July 11, 2003, Henderson filed a state application for a writ of habeas corpus challenging the state court convictions. *See* Harris County District Clerk

Website, http://www.hcdistrictclerk.  The Court of Criminal Appeals denied the application, without a written order, on September 24, 2003.  *Ex parte Henderson*, WR 56,883-01 (Tex. Crim. App.), http://www.cca.courts.state.tx.us.  Henderson filed a second state habeas application (WR 56,883-02) which the Court of Criminal Appeals denied on November 10, 2004.

Henderson filed a federal petition for a writ of habeas corpus challenging the sexual assault conviction (cause no. 763936) on January 1, 2005.  *Henderson v. Dretke*, Civil No. H-05-0103 (S.D. Tex. 2005).  Henderson contended that he was innocent and that his granddaughter gave perjured testimony.  He attached affidavits in support of his argument and alleged that they had only recently become available to him.  On July 13, 2005, the district court granted the respondent's motion for summary judgment and dismissed the petition as time-barred pursuant to 28 U.S.C. § 2244(d).  *Id.*  The Court rejected Henderson's argument that he was entitled to tolling on the basis that the exhibits were not previously available to him.  In doing so, the Court observed that the affidavits were not "new."  *Id.* [Doc. #11, p. 7]. Henderson did not file an appeal.

Henderson filed a different federal habeas petition, challenging the aggravated sexual assault conviction (cause no. 763935), but he subsequently filed a motion for voluntary dismissal to allow him to exhaust state court remedies.  On September 14,

2005, the district court granted the motion and dismissed the petition, without prejudice. *Henderson v. Dretke*, Civil No. H-05-1072 (S.D. Tex.). On November 28, 2005, Henderson filed two more state writ applications with the Harris County District Clerk. http://www.hcdistrictclerk. The Court of Criminal Appeals dismissed both applications as successive pursuant to § 4 of article 11.07 of the Texas Code of Criminal Procedure. *Ex parte Henderson*, WR 56,883-03 & WR 56,883-04 (Tex. Crim. App.), http://www.cca.courts.state.tx.us..

Henderson filed his next federal petition for a writ of habeas corpus on February 6, 2006. *Henderson v. Quarterman*, Civil No. H-06-0605 (S.D. Tex.). He again asserted that he was wrongfully convicted based on the false testimony of the victims. *Id.* [Doc. #14, p. 3]. The district court granted the respondent's dispositive motion and dismissed the petition as successive and time-barred. *Id.* [Doc. #16]. No appeal was filed.

Henderson filed another federal habeas petition which was summarily dismissed for lack of jurisdiction because it was a successive filing which the Court of Appeals for the Fifth Circuit had not authorized under the provisions of 28 U.S.C. § 2244(b). *Henderson v. Quarterman*, Civil No. H-09-0644 (S.D. Tex.). The Fifth Circuit denied Henderson's petition for a certificate of appealability challenging the district court's

decision. *Henderson v. Quarterman*, No. 09-20189 (5th Cir. Sept. 9, 2009). The Fifth Circuit denied Henderson's motion for reconsideration on October 13, 2009. *Id.*

Henderson filed yet another federal habeas petition which was dismissed for lack of jurisdiction because it was successive and lacked the requisite authorization from the Fifth Circuit. *Henderson v. Thaler*, Civil No. H-11-2354 (S.D. Tex.). No appeal was filed. Two more federal habeas petitions filed by Henderson were also dismissed. *Henderson v. Thaler*, Civil No. H-12-0259 (S.D. Tex.) (successive); *Henderson v. Thaler*, Civil No. H-12-0243 (S.D. Tex.) (successive and time-barred).

### B.  The Pending Petition

Henderson now seeks a federal writ of habeas corpus to challenge both his sexual assault conviction and his aggravated sexual assault conviction. In support of the petition, Henderson contends that he is actually innocent of the crime for which he was convicted and that the prosecutor failed to show the jury that Henderson's DNA was present in the rape kit. He contends that the prosecutor violated his rights because the prosecutor did not inform the defense that there was no physical evidence in the raped kit which implicated him. Henderson also complains that he was not aware of the absence of evidence until someone mailed him the results of the rape kit tests.

## II. DISCUSSION

### A. Statute of Limitations

Henderson's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act ("the AEDPA") provisions which include a one-year statute of limitations. 28 U.S.C. § 2244(d); *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). The AEDPA's limitation provisions are set forth in the following statutory language:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Henderson's conviction became final on or about September 10, 2002, 90 days after the Court of Criminal Appeals denied his motion for rehearing on June 12, 2002. *See* Sup. Ct. R. 13.1 (West 2002) (petition for writ of certiorari must be filed within ninety days). Henderson filed his first state application for a writ of habeas corpus on July 11, 2003, more than ten months after the conviction became final. The state application was denied on September 24, 2003. Henderson filed his first federal petition more than fifteen months later on January 1, 2005, and it was dismissed as untimely under 28 U.S.C. § 2244. Henderson's subsequent state habeas applications were filed well after the AEDPA one-year limitations period had elapsed. Consequently, those applications do not toll the limitations period. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (citing *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir.2000)). None of Henderson's prior federal habeas petitions have any tolling effect on the AEDPA statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Mathis v. Thaler*, 616 F.3d 461, 473 (5th Cir. 2010).

Henderson's federal habeas corpus petition before this Court was executed on April 9, 2014, and therefore handed over to prison authorities for mailing to the Court

no earlier than that date.[1] Thus, his pending petition is barred by the governing statute of limitations because it was filed more than one year after the challenged convictions were final. *See* 28 U.S.C. § 2244(d)(1)(A). Henderson acknowledges that his petition is untimely but argues that he is entitled to equitable tolling because the rape kit evidence was not available to him at the time of his trial. [Doc. # 1, at 9].

In a recent opinion, the United States Supreme Court has held that a claim of actual innocence could be a basis for equitable tolling. *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). However, the high court also stated that a petitioner asserting actual innocence must present new evidence in support of his claim and "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 1935 (citing *Schlup v. Delo,* 513 U.S., 298, 327 (1995)). Henderson does not present any report or test results but only relies on his unsupported statement that the rape kit contained no DNA evidence which implicated him. This conclusory allegation is not sufficient to establish that he would not have been convicted had the rape kit been admitted. *Murphy v. Dretke*, 416 F.3d 427, 436 -437 (5th Cir. 2005) (citing *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir.1990) (holding petitioner's conclusory allegations failed to establish valid ineffective

---

[1] Under the mail-box rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

assistance of counsel claim); *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir.1983) (reemphasizing that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding")). Thus, there is no objective evidence in the record. More importantly, the fact that the rape kit may not have contained Henderson's DNA is not proof that there was no sexual assault. *See Holland v. Anderson*, 583 F.3d 267, 279 (5th Cir. 2009); *McAffee v. Procunier*, 761 F.2d 1124, 1127 (5th Cir. 1985) (absence of "seminal stains, spermatozoa, or blood stains" in rape kit "did not prove, as [appellant] argues, that no rape occurred."). Consequently, Henderson's claim of actual innocence is unavailing because he presents no newly discovered evidence which would undermine this Court's confidence regarding the state district's findings of guilt. *McQuiggin*, 133 S.Ct. at 1936-37 (citing *Schlup*, 513 U.S. at 316).

In addition to failing to offer proof that he is innocent of sexually assaulting his granddaughters, Henderson fails to demonstrate that he was diligent in seeking the evidence which allegedly supports his claim. To qualify for equitable tolling, the petitioner must show that: "(1) he pursued habeas relief with 'reasonable diligence,' (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Henderson has failed to show that he made any diligent effort to obtain the rape kit even though he has had an opportunity to explain why his petition is not barred by 28 U.S.C.

§ 2244(d). Moreover, he has been previously notified on two occasions that his challenges to the 1998 state court convictions are time-barred. *See* Nos. H-06-0605; H-05-0103. Therefore, his habeas petition must be dismissed as untimely under 28 U.S.C. § 2244(d).

B. **Successive Petition**

In addition to being untimely, this case is subject to the AEDPA's bar against successive habeas petitions, codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). Before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that

was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).  The claims referenced in the pending petition could have and should have been presented previously in Henderson's earlier habeas corpus proceedings. Thus, the pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*.  *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A).  "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

The petitioner has not presented the requisite authorization of the Fifth Circuit Court of Appeals to file a successive petition.  Absent such authorization, this Court lacks jurisdiction over the petition.  *Id.* at 775.  Accordingly, the petition must be dismissed as an unauthorized successive writ. In addition, the petition has previously been found to be untimely.

## III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. *See* 28 U.S.C. § 2253; *see Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim. Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

The Court **ORDERS** as follows:

1. This federal habeas corpus proceeding is **DISMISSED** as successive and untimely. 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d).

2. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner and to the Office of the Attorney General for the State of Texas, 300 15th Street, Austin, Texas 78701.

SIGNED at Houston, Texas, on April 21, 2014.

_____
Nancy F. Atlas
United States District Judge